IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KARA SMITH, | Case No.: 19-CV-00538 |
| *Plaintiff,* | |
| v. | |
| IDEAL IMAGE DEVELOPMENT CORPORATION, | |
| *Defendant.* | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

Plaintiff, Kara Smith, hereby offers her suggestions in opposition to Defendant's Motion to Dismiss, or in the Alternative, compel arbitration.

## I. INTRODUCTION & BACKGROUND

This is an action for violation of Missouri's service letter statute, RSMo. §290.140, Missouri's Whistleblowers Protection Act and Missouri's Merchandising Practices Act §407.912.

Plaintiff began working for Defendant as a Sales Director on or about September 10, 2017. On August 18, 2017, Plaintiff signed many "new hire documents," including one titled "Employment Dispute Resolution and Arbitration Agreement." (Defendant's Ex. A-1.) After numerous unsuccessful attempts to get her compensation straightened out, Plaintiff sent an email on December 27, 2018, stating, among other things, that she has been retaliated against by upper management for voicing her concerns of being paid improperly. Within weeks of sending this email, Plaintiff was removed from the schedule and effectively terminated. *See*, [doc. 1-1, ¶¶12-13].

Plaintiff filed suit in the Circuit Court of Jackson County, Missouri, on May 30, 2019. Defendant removed the case to federal court based on diversity on July 11, 2019. Defendant filed a motion to compel arbitration on July 25, 2019.

The Mutual Agreement to Arbitrate Claims signed by Plaintiff provides, among other things, the following:

- The agreement expressly states that employment is employment-at-will. [doc. 7-1, ¶2, pg.5-10].
- The agreement contemplates "internal efforts" before submitting a claim. [doc. 7-1, ¶8, pg. 7-10].
- The agreement places unreasonable restrictions on discovery. [doc.7-1, ¶9, pg. 7-10].

**II. STANDARD APPLIED TO MOTION TO COMPEL ARBITRATION**

As the party seeking to enforce the arbitration agreement, Defendant bears the burden of establishing that an enforceable arbitration agreement exists and that the agreement is conscionable. *See LoRoad, LLC v. Global Expedition Vehicles, LLC*, 787 F.3d 923, 927 (8th Cir. 2015); *Whitworth v. McBride & Son Homes, Inc*, 344 S.W.3d 730, 737 (MO. App. W.D. 2011). When ruling on a motion to compel arbitration, Missouri courts conduct a three-step analysis: (1) whether a valid arbitration agreement exists; (2) whether the dispute falls within the scope of the arbitration agreement; (3) whether the agreement is subject to revocation under contract principles, including whether the agreement is unconscionable. *Clemmons v. Kansas City Chiefs Football Club, Inc.*, 397 S.W.3d 503, 505-506 (Mo. App. W.D. 2013); *Whitworth*, 344 S.W.3d at 736; *Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 434, 445 (Mo. App. W.D. 2010); *Kunzie v. Jack-In-The-Box*, 330 S.W.3d 476, 480 (Mo. App. E.D. 2010).

In ruling on the first factor – whether a valid contract to arbitrate exists – the court **must apply Missouri contract law**. *See E.E.O.C. v. Woodmen of World Life Ins. Soc.*, 479 F.3d 561,

2

Case 4:19-cv-00538-HFS   Document 10   Filed 08/08/19   Page 2 of 11

565 (8th Cir. 2007) ("The validity of an arbitration agreement is determined by state contract law."); *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo.banc 2014), *reh'g denied* (Oct. 28, 2014) ("In determining whether the parties have entered into a valid agreement to arbitrate, the usual rules of state contract law and cannons of contract interpretation apply") (citing the Federal Arbitration Act at 9 U.S.C. sec. 2); *Clemmons*, 397 S.W.3d at 506; *Frye*, 321 S.W.3d at 435; *Kunzie*, 330 S.W.3d at 480. "Missouri substantive law governs the issues of the existence, validity, and enforceability of any purported arbitration contract." *Baker*, 450 S.W.3d at 774. "The issue of whether the parties have a valid arbitration agreement is a gateway question that requires judicial resolution." *Henggeler v. Brunbaugh & Quandahl, P.C., LLO*, 894 S.W.2d 1180, 1185-86 (D. Neb. 2012) (citing *Barker v. Golf U.S.A., Inc.*, 154 F.3d 788, 791 (8th Cir. 1998) ("a court must decide whether an agreement to arbitrate is valid")).

Second, if a valid arbitration plan exists, the court must determine whether the dispute falls within the scope of the arbitration agreement. *Clemmons*, 397 S.W.3d at 505; *Whitworth*, 344 S.W.3d at 736; *Frye*, 321 S.W.3d at 434; *Kunzie*, 330 S.W.3d at 480.

Third, if a court determines that a valid contract to arbitrate exists, the court must determine whether the agreement is subject to revocation under contract principles, including whether the agreement is unconscionable (either procedurally or substantively). *Clemmons*, 397 S.W.3d at 506; *Whitworth*, 344 S.W.3d at 736; *Frye*, 321 S.W.3d at 445.

### III. MISSOURI CASES ON ARBITRATION AGREEMENTS IN EMPLOYMENT

Between 2008 and 2019, Missouri Courts have overruled numerous motions to compel arbitration in employment cases based on lack of consideration, lack of mutuality and illusory promises by the employer and unconscionability. *See Patrick v. Altria Group Distribution Co.*, 570 S.W.3d 138 (Mo.App. W.D. 2019)(alternative dispute resolution agreement was illusory for

lack of consideration, and thus was unenforceable); Judge Bough's September 9, 2017 - Order, *Melvin Goolsby v. Primeflight Aviation Services, Inc*, No. 17-cv-06069-SRB, [doc.31]; *State ex rel Alst v. Harrell*, 528 S.W.3d 442, 447 (Mo. App. W.D. 2017) (agreement lacked mutually binding promises); *Wilder v. John Youngblood Motors, Inc*., 534 S.W.3d 902, 908 (Mo. App. S.D. 2017) (at-will employment does not constitute consideration; agreement lacked mutuality); *Jackson v. Higher Education Loan Authority of Missouri*, 497 S.W.3d 283, 288 (Mo. App. E.D. 2016) (trial court concluded the agreement lacked consideration; appellate court concluded there was no offer); *Jimenez v. Cintas Corporation*, 475 S.W.3d 679, 684-686 (Mo. App. E.D. 2015) (at-will employment did not constitute consideration and agreement lacked mutuality); *Baker v. Bristol Care Inc.*, 450 S.W.3d 770, 775-777 (Mo.banc 2014) (at-will employment did not constitute consideration and employer's promises were illusory); *Baier v. Darden Restaurants*, 420 S.W.3d 733, 739-741 (Mo. App. W.D. 2014) (no mutual assent to agreement where no signature by employer); *Johnson v. Vatterott Educational Centers, Inc.*, 410 S.W.3d 735, 739-740 (Mo. App. W.D. 2013) (arbitration clause in handbook not enforceable); *Clemmons v. Kansas City Chiefs Football Club, Inc.*, 397 S.W.3d 503, 505-506 (Mo. App. W.D. 2013) (at-will employment does not constitute consideration); *Sniezek v. Kansas City Chiefs Football Club*, 402 S.W.3d 580, 585-586 (Mo. App. W.D. 2013) (at-will employment does not constitute consideration); *Marzette v. Anheuser-Busch, Inc.*, 371 S.W.3d 49, 52-53 (Mo. App. E.D. 2012) (offer to consider employees for at-will employment and offer of at-will employment do not constitute consideration); *Whitworth v. McBride & Son Homes, Inc*, 344 S.W.3d 730, 737 (MO. App. W.D. 2011) (lack of consideration and mutuality); *Katz v. Anheuser-Busch, Inc.*, 347 S.W.3d 533, 545 (Mo. App. E.D. 2011) (continuation of at-will employment does not constitute consideration; no

4

mutuality or meeting of minds); *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 29 (Mo. App. W.D. 2008) (at will employment does not constitute consideration).

## IV. DEFENDANT'S MOTION SHOULD BE OVERRULED

Defendant's motion must be overruled because a valid and enforceable agreement to arbitrate was not formed. The Agreement expressly states that employment is at-will employment, which does not provide adequate consideration under Missouri Law. The agreement lacks mutuality and is illusory, as evidence by the Defendant's inaction after receipt of "written notice" which indicates it never intended to be bound by the agreement. And, finally, because the agreement creates unreasonable discovery limits, it is unconscionable.

### a. Missouri Contract Law

The first step in ruling on a motion to compel arbitration requires the court to determine whether a valid arbitration agreement exists. *Clemmons*, 397 S.W.3d at 505; *Whitworth*, 344 S.W.3d at 736; *Frye*, 321 S.W.3d at 434; *Kunzie*, 330 S.W.3d at 480. In making this determination, the court **must apply Missouri rules of contract law**. *Clemmons*, 397 S.W.3d at 506; *Frye*, 321 S.W.3d at 435; *Kunzie*, 330 S.W.3d at 480.

The essential elements of a contract under Missouri law are offer, acceptance, bargained for consideration, mutuality. *See Kunzie*, 330 S.W.3d at 481-483. If no valid contract exists between the parties to arbitrate, then a motion to compel arbitration must be overruled; **a party cannot be forced to arbitrate a dispute that he did not agree to arbitrate**. *Whitworth*, 344 S.W.3d at 737; *Frye*, 321 S.W.3d at 436; *Kunzie*, 330 S.W.3d at 480-481.

"A mutual agreement is reached when the minds of the contracting parties meet upon and assent to the same thing in the same sense at the same time." *Kunzie*, 330 S.W.3d at 483. "A

5

Case 4:19-cv-00538-HFS   Document 10   Filed 08/08/19   Page 5 of 11

meeting of the minds occurs when there is a definite offer and *unequivocal acceptance*." *Katz*, 347 S.W.3d at 545 (italics in original).

Consideration may consist of mutual promises to do or refrain from doing something. *Frye*, 321 S.W.3d at 438. At-will employment does not qualify as consideration. *Wilder*, 534 S.W.3d at 908 (citing Jiminez); *See also Jimenez*, 475 S.W.3d at 684-686; *See Jimenez*, 475 S.W.3d at 684-686; *Baker*, 450 S.W.3d at 775-777; *Clemmons*, 397 S.W.3d at 505-507; *Sniezek*, 402 S.W.3d at 585-586; *Marzette*, 371 S.W.3d at 52; *Whitworth*, 344 S.W.3d at 741; Frye, 321 S.W.3d at 437; *Morrow*, 273 S.W.3d at 29.

If a court determines that a valid contract to arbitrate exists, then the court must determine whether the dispute falls within the scope of an arbitration agreement and whether the agreement is subject to revocation because it is unconscionable (either procedurally or substantively). *Whitworth*, 344 S.W.3d at 736; *Frye*, 321 S.W.3d at 445.

Here, the Agreement lacks at least one of the elements of a valid contract, consideration. The Agreement is not supported by consideration because at-will employment is insufficient to support a contract of arbitration. Additionally, because Defendant's promises to be bound by the agreement are illusory since it did nothing after receiving "written notice" from Smith, the agreement fails. Finally, as to be discussed, the agreement, because of its draconian discovery limitations is unconscionable.

### b. At-will employment does not constitute consideration.

The Agreement Defendant seeks to enforce expressly provides, among other things, that "[n]othing contained herein shall in any way alter the employment-at-will nature of Employee's employment or provide assurance by the Company Group of continuing employment." [doc. 7-1, ¶2, pg.5-10].

At-will employment is not sufficient consideration under Missouri law to support an agreement to arbitrate. Missouri courts have repeatedly held that **at-will employment does not provide adequate consideration** to support an agreement to arbitrate. "Employment at will is not a legally enforceable employment relationship because it is terminable at the will of either party, on a moment-by-moment basis." *Morrow*, 273 S.W.3d at 26. "An at-will employment relationship, as here, is not independently sufficient consideration to support an arbitration agreement; this is so because 'terms and conditions of at-will employment are unilaterally imposed on employees, so they are not enforceable at law as contractual duties.'" *Wilder*, 534 S.W.3d at 908 (citing Jiminez); *See also Jimenez*, 475 S.W.3d at 684-686 ("at-will employment does not qualify as consideration"); *Baker*, 450 S.W.3d at 775-777; *Clemmons*, 397 S.W.3d at 507-508; *Sniezek*, 402 S.W.3d at 585-586; *Marzette*, 371 S.W.3d at 52; *Whitworth*, 344 S.W.3d at 741.

Here, as in *Wilder*, an at-will employment relationship is not independently sufficient consideration to support an arbitration agreement; this is so because "terms and conditions of at-will employment are unilaterally imposed on employees, so they are not enforceable at law as contractual duties." *Wilder*, 534 S.W.3d at 908; and *Jimenez*, 475 S.W.3d at 685.

### c. The Agreement lacks mutuality and is illusory.

The defendant is, without a doubt, the stronger party, offering the agreement on a "take it or leave it" basis. Among other things, Ms. Smith had no understanding that, by signing the agreement, she waives her right to a jury trial and would be required to severely limit discovery that would otherwise be available to her.

These facts are strongly suggestive of a lack of mutuality of obligation. *See Whitworth,* 344 S.W.3d at 742; and *Frye* 31 S.W.3d at 442.

In addition, Defendant violated ¶8 its agreement. After Smith's termination, she sent a service letter attempting to determine the cause of her termination per the Missouri Statute. [doc. 1-1, ¶20]. Defendant, however, sent her a deficient letter under the statute. [doc.1-1, ¶21]. Among other things, the letter did not address the nature and character of Smith's work and was not signed by her "superintendent or manager," but was signed by a Ms. Selina Levin, Esq, associate corporate counsel, for Ideal Image Development Corporation. [doc. 1-1, ¶21; and Exhibit A - February 20, 2019, Letter]. Additionally, on April 11, 2019, Ms. Smith's counsel sent Ms. Rachel Feldman (Ms. Smith's former manager) "written notice" of a dispute, and on April 15, 2019, her counsel sent the same "written notice" to Ms. Levin, Esq.

The written notices of April went unanswered. Accordingly, Defendant ignored its duty to "***make good faith efforts at resolving any covered dispute internally on an informal basis***." [doc. 7-1, ¶8].

Therefore, Defendant had no intention of being bound by every provision of this Agreement (if any), thus rendering its promises illusory. *Whitworth,* 344 S.W.3d at 742; *Frye* 31 S.W.3d at 442; *Jimenez*, 475 S.W.3d at 689; *see also Magruder Quarry & Co., L.L.C. v. Briscoe*, 83 S.W.3d 647, 650 (Mo. App. E.D. 2002)("An illusory promise is not a promise at all and cannot act as consideration; therefore no contract is formed.").

### d. The Agreement is unconscionable because of the limits it would place on discovery in this matter.

The Agreement places far greater restrictions on discovery than would be imposed by the Court. Indeed, The discovery limitations state that: (1) the discovery period limited to 60 days following selection of the arbitrator; (2) three depositions; (3) 20 interrogatories; and (4) 15 requests for production. The agreement, however, also states that the AAA employment rules apply and those rule state the arbitrator has discretion on how much discovery to allow. Accord-

ingly, Defendant is trying to enforce a heavy-handed discovery limitation, that is not included in the very "AAA rules" it incorporates. [doc.7-1, ¶9, pg. 7-10].

Undeniably, engaging in written discovery and conducting the required depositions within 60 days in next to impossible and will effectively shield the Defendant from a reasonable inquiry into the facts of the case. Indeed, to reasonably advance her case, Smith must be able to take necessary depositions and engage in written discovery, which is not guaranteed pursuant to the Agreement. There is no such limitation contained in the federal rules or the statutes related to Smith's claims. Accordingly, the limitations imposed are unconscionable, because they are so onerous in making it nearly impossible for Smith to pursue her claims and require her to forgo necessary discovery to which she would otherwise be entitled to. Moreover, the discovery limitations amount to a substantively unconscionable burden to which no reasonable person would have knowingly agreed to. *See*, Judge Wrights' January 22, 2009, ORDER, *Valeria McClain v. Greater K.C. LINC, Inc., d/b/a Local Investment Commission*, No. 08-0622-CV-W-SOW, [doc.17]; Judge Wrights' January 17, 2008, ORDER, *Jan Fallo, et al. v. High Tech Institute, Inc.,* 07-CV-00949-SOW, [doc.5]; *Fitz v. NCR Corp.*, 118 Cal.App.4th 702 (Cal. Ct. App. 2004) (The court held that the provisions in the arbitration agreement between an employer and an employee governing discovery were unconscionable because it so severely restricted discovery, the employee would have been unable to prove her claim); and *Dotson v. Amgen, Inc.*, 181 Cal.App.4th 975, 104 Cal. Rptr. 3d 341 (2010).[1]

---

[1] *See also Winston v. Academi Training Center, Inc.*, No. 1:12-CV-767, 2013 WL 989999, at *2 (E.D. Va. Mar. 13, 2013) (holding arbitration clause prohibiting any discovery in arbitration precluded plaintiff from vindicating federal statutory rights when applied to plaintiffs False Claims Act (FCA) claim because "FCA claims are often document intensive," making it "difficult, if not impossible, to prove those claims" without access to the allegedly falsified documents that form the basis of the claim); *Unimax Express, Inc. v. Cosco N. Am., Inc.*, No. CV-11-02947-DDP (PLAx), 2011 WL 5909881, at *4 (C.D. Cal. Nov. 28, 2011) (holding an arbitration clause substantively unconscionable when it did not allow party bringing a claim any right to discovery in order to rebut the opposing party's response); see also *Zaborowski v. MHN Gov. Servs., Inc.*, 936 F. Supp. 2d 1145, 1154 (N.D. Cal. 2013) (holding that, although a discovery limitation could be unconscionable if it precluded plaintiffs from having a realistic oppor-

Accordingly, the Court should deny the motion to compel or conclude that the discovery limitation contained in the agreement is unenforceable. In the alternative, if the motion is granted, Smith asks that the Court order that the AAA employment rules apply and not the severely restricted discovery limitations contained in the agreement.

## V. Conclusion

For the reasons stated herein, Smith asks the Court to deny Defendant's Motion because: (1) it lacks consideration; (2) fails for lack of mutuality and is illusory; and (3) the agreement is procedurally and substantively unconscionable under Missouri Law. In the alternative, if Defendant's motion is granted, Smith asks the Court to order the at AAA employment Rules referenced in the agreement apply and not the severely restricted limitation contained in ¶9 of Defendant's agreement.

WHEREFORE, Plaintiff, Kara Smith, moves this Court for its entry of an Order overruling Defendant's Motion to Dismiss, or in the Alternative, compel arbitration, and for such other and further relief the Court deems just and proper.

---

tunity to pursue their claims, the plaintiffs in this case failed to meet their burden); but *cf Lucas v. Hertz Corp.*, 2012 WL 5199384, at *2-3 (N.D. Cal. Oct. 22, 2012) (questioning whether rules regulating limits on discovery in arbitration survive *Concepcion*); *Tierra Right of Way Servs., Ltd. v. Abengoa Solar Inc.*, 2012 WL 2292007, at *5 (D. Ariz. June 9, 2011) (enforcing blanket discovery prohibition against unconscionability challenge where party asserting unconscionability failed to "allege how an inability to conduct discovery or demand production of documents will render it incapable of presenting and proving its case, particularly when its similarly situated corporate opponent also is so limited.").

HKM EMPLOYMENT ATTORNEYS LLP

*/s/ John J. Ziegelmeyer III*
John J. Ziegelmeyer III   KS No. 23003
1501 Westport Road
Kansas City, Missouri 64111
Tel: 816.875.3332
jziegelmeyer@hkm.com
www.hkm.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that the following was filed using the court's CM/ECF system on August 8, 2019, with notice to the following.

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Walter M. Brown, Esq.
4520 Main Street, Suite 400
Kansas City, MO 64111
(816) 471-1301
(816) 471-1303 (*Facsimile*)
walter.brown@ogletree.com

*/s/ John J. Ziegelmeyer III*
Attorney for Plaintiff

11